1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY C. GORE,

11          Plaintiff,                    No. 2:12-cv-1411 JFM (PC)

12      vs.

13   NAPA STATE HOSPITAL, et al.,         ORDER AND

14          Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1   payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2   account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3   each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4   U.S.C. § 1915(b)(2).

5          The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

9   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in

12  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

13  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.

15  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

16  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

17  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

18         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

21  Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v.

22  Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a

23  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

24  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

25  Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only

26  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"

2

1     Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964,

2     in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

3     standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

4     and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

5     U.S. 232, 236 (1974).

6            Plaintiff alleges that in 2002 he was accused of killing his roommate at Napa

7     State Hospital, and that his rights under Miranda v. Arizona, 384 U.S. 436 (1966), were violated

8     when doctors at the hospital allowed police detectives to question him for two hours, even

9     though he had been declared insane.  Plaintiff seeks monetary damages of $20,000 for pain and

10     suffering, and to be returned to the hospital because he still is insane.  By order dated May 23,

11     2012, the Northern District of California, where this action was initially filed, screened the

12     complaint and dismissed with prejudice plaintiff's damages claim pursuant to Heck v.

13     Humphreys, 512 U.S. 477 (1994).  See Doc. No. 4.  The case was then transferred to this district

14     on plaintiff's request for injunctive relief – namely, plaintiff's request that he be transferred back

15     to Napa State Hospital from the institution where he is presently housed, California State Prison

16     – Sacramento.

17            As to plaintiff's request to be transferred, it is black letter law that a prisoner has

18     no constitutional right to incarceration in a particular institution or housing unit or to be

19     transferred from one facility to another.  Meachum v. Fano, 427 U.S. 215, 224-28 (1976), Olim

20     v. Wakinekona, 461 U.S. 238, 248 (1983) (an interstate prison transfer does not deprive an

21     inmate of any liberty interest protected by the Due Process Clause); White v. Lambert, 370 F.3d

22     1002, 1013 (9th Cir. 2004) (habeas petitioner's transfer to an out-of-state prison did not violate

23     any substantive liberty interest protected by the Due Process Clause even where the petitioner

24     alleged that he was forced to serve part of his sentence in a different state than where he was

25     convicted and was unable to receive visitors or see counsel).  To the extent that plaintiff claims

26     otherwise, he has failed to state a claim upon which relief may be granted.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

3    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

5  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

6  Director of the California Department of Corrections and Rehabilitation filed concurrently

7  herewith;

8    3.  Plaintiff's June 5, 2012 motion for extension of time is denied;

9    4.  A district judge be assigned to this case; and

10    IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed with

11  prejudice.

12    These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

14  days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED: August 1, 2012.

UNITED STATES MAGISTRATE JUDGE

23  /014;gore1411.14new

4